WILLIAM BELLER, Administrator, Etc., Respondent, v. THE SUPREME LODGE OF THE KNIGHTS OF PYTHIAS, Appellant.

### Kansas City Court of Appeals, May 4, 1896.

1. **Trial Practice:** PLEADING: OPENING AND CLOSING. In an action on a benefit certificate the answer admitted the policy, the death, proofs of loss, etc., and pleaded a violation of a condition of the policy. *Held*, the burden was on the defendant, who was entitled to open and close the argument.

2. **Benefit Societies:** DEFENSE: INTOXICATING LIQUORS: INSTRUCTION. A by-law of a benefit society, which became a part of its certificate, rendered the certificate void where death was caused or superinduced by the use of intoxicating liquors. *Held*, an instruction requiring the jury to find that the death was superinduced by an *immoderate* use of intoxicating liquors was error.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED.

*Cunningham & Dolan* for appellant.

(1) When defendant lodge passed, on the thirteenth of January, 1893, its by-law, providing, "that if death shall be caused or superinduced by the use of intoxicating liquors, the certificate issued to such member shall be forfeited," said by-law became from said thirteenth of January, 1893, a part of the contract between said Teets and defendant. Bacon on Benefit Societies, sec. 185; *Ellerbe v. Faust*, 119 Mo. 653; *Stoehr v. Society*, 22 Pac. Rep. (Cal.) 125; *Brown v. Lodge*, 34 Pac. Rep. (Cal.) 103; *Sup. L. K. P. v. Knight*, 20 N. E. Rep. (Ind.) 479. (2) The interpolation of the words

immoderate and substantially in instruction number 4, and that of substantial and substantially in instructions 2 and 3 was not a fair submission of the issues raised by the pleadings and the evidence, and it is too obvious for comment that it was made to the prejudice of the defendant. *Sachleben v. Wolf*, 61 Mo. App. 35; *Renshaw v. Mo. S. M. F. & M. I. Co.*, 103 Mo. 604 and 605; *Koehring v. Muemminghoff*, 61 Mo. 407; *Sachleben v. Wolf*, 61 Mo. App. 36; *Carr v. Lackland*, 112 Mo. 460. (3) The court erred in not permitting the defendant to open and close the case, for everything alleged in plaintiff's petition was admitted by the answer and the defendant had the affirmation of the only issue to be tried, viz.: Whether or not the death of Teets was caused or superinduced by intoxicating liquors. *Kerwin v. Doran*, 29 Mo. App. 396, 397; *Porter v. Jones*, 52 Mo. 399; *Wade v. Hardy*, 76 Mo. 394; *Bates v. Forcht*, 89 Mo. 121; *Clark v. Fairley*, 30 Mo. App. 335.

*Galen & A. E. Spencer* and *George Orear* for respondent.

(1) The right to open and close rests in the sound discretion of the court trying the cause, and an error committed in that regard will not be sufficient to reverse a case unless it be plainly made to appear that injury has resulted therefrom. *Reichard v. Ins. Co.*, 31 Mo. 518, 520; *Wade v. Scott*, 7 Mo. 509, 514; *Tibeau v. Tibeau*, 22 Mo. 77; *Farrell's Adm'r v. Brennan's Adm'r*, 32 Mo. 328, 333; *Lucas v. Sullivan*, 33 Mo. 389, 391; *Harvey v. The Heirs of Sullens*, 56 Mo. 372; *Elder v. Oliver*, 30 Mo. App. 575, 577; *Meredith v. Wilkinson*, 31 Mo. App. 1, 11; *Railroad v. North*, 31 Mo. App. 351, 355; 1 Thompson on Trials, p. 214, sec. 226, and note 4; 1 Id., p. 713, sec. 930. (2) Instruc-

tion number 4 given by the court of his own motion is the same as number 2 asked by the defendant and refused, except for the insertion of the words immoderate and substantial and substantially. Unless there was harmful error in the insertion of these words, the court committed no reversible error in refusing defendant's number 2 and giving said number 4 in lieu thereof. 2 Thompson on Trials, sec. 2352, p. 1708, and the numerous cases there cited. *Ins. Co. v. Davey*, 123 U. S. 739 [L. C. P. Co's. Ed.], book 31, p. 315; Bacon on Benefit Societies, sec. 326, pp. 502, 503; Id., sec. 328, pp. 504, 505; 24 Am. and Eng. Encyclopedia of Law, 343.

GILL, J.—This is an action on a beneficiary certificate, insuring the life of William S. Teets, in the sum of $2,000, and made payable to his wife, Sarah E. Teets. The husband died April 25, 1894, and the wife shortly thereafter, to wit, June 23, 1894. This action is prosecuted by the administrator of the wife, Sarah E. Teets. The defense is based on a by-law of the defendant (and which by the terms of the policy is incorporated in and forms a part thereof), which, in effect, provides that it shall not be liable for death losses arising from certain causes, among which is "where the death was caused, or superinduced by the use of intoxicating liquors." It was alleged in the answer, and there was evidence tending to support the allegation, that the death of said Teets was caused, or superinduced, by the use of intoxicating liquors.

On a trial by jury, there was a verdict and judgment for plaintiff and defendant appealed.

It is first complained that the court, at the trial, erroneously refused to allow the defendant to open and close the argument to the jury. And under the state of the pleadings this complaint is well founded.

The answer admitted the allegations of the petition, the execution of the policy, death of the party whose life was insured, proofs of loss, etc., but pleaded in defense the violation of a certain condition. This placed the burden of the issue involved on defendant; and the *onus* being on the lodge, it was, on the clearest principles, entitled to the opening and closing. But we should be slow to reverse the judgment on that account alone, in the absence of a showing that defendant was prejudiced thereby.

However, we find in the record an error against the defendant, more serious in its nature, and which must work a reversal. The defendant asked the court to instruct the jury "that if they believe from the evidence that the death of William S. Teets was caused or superinduced by his use of intoxicating liquors," etc., they should return a verdict for defendant. The court refused this instruction, as asked, and, against defendant's objection, modified it and gave it in this form: "That if they believe from the evidence that the death of William S. Teets was *substantially* caused, or superinduced by his *immoderate* use of intoxicating liquors," then they should find for defendant. We can perceive no reason to condemn the insertion of the word "substantially," since the law is only concerned with matters of substance. But by interpolating the word "immoderate," as qualifying the use of intoxicating liquors by Mr. Teets, the court materially changed the terms of the contract of insurance. By the terms of the insurance contract, the policy (or beneficiary certificate) was to be void, and the defendant was to pay nothing, if Teets' death was caused or superinduced (that is, brought upon or added to) by the use of intoxicating liquors—and that, too, whether such use was *moderate* in extent, or *immoderate* or excessive. Under the instruction given, the jury may

have believed that the use of intoxicating liquors by Teets caused or superinduced his death, and yet, if they thought that he was only a *moderate* drinker, that he was not addicted to what might be termed the *immoderate* use of intoxicants, then it was their duty to return a verdict for the plaintiff. But this, as already stated, was not the meaning of the contract into which the parties had entered. Under the contract which the parties had made for themselves, it was agreed, that if Teets' death was attributable to the use (*moderate or immoderate*) of intoxicating liquors, then the defendant should not be liable on its policy. The condition of Teets' health or constitution might nave been such that his death would probably be brought about, or caused, by even the *moderate* use of intoxicating liquors. If so, then he was bound under his contract, with the defendant, to desist from even such moderate use.

For the error then above referred to, the judgment must be reversed and cause remanded. All concur.